UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSE PINCKNEY, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY MARITIME CORPORATION, a<br>New York Corporation,<br><br>    Defendant. | IN LAW AND IN ADMIRALTY<br><br>No.<br><br>COMPLAINT FOR DAMAGES<br><br>(JURY DEMAND) |

Plaintiff Jesse Pinckney, by and through his attorneys, LAW OFFICE OF MICHAEL BINDER, P.C., alleges as follows:

### 1.0    PARTIES

1.1    Plaintiff Jesse Pinckney is an American seaman who is a resident of Florida.

1.2    Defendant Liberty Maritime Corporation ("Liberty") is a New York corporation doing continuous and substantial business within the District and which has purposefully availed itself of the privileges of doing business within the state of New York.

### 2.0    JURISDICTION & VENUE

2.1    This action is within the admiralty and maritime jurisdiction of this Court within the meaning of the Federal Rules of Civil Procedure 9(h) and the general maritime law pursuant to 28 U.S.C. § 1333.

2.2    Plaintiff's claims against Defendant are maintained under the Jones Act, 46 U.S.C. § 30104 and the general maritime law pursuant to 28 U.S.C. § 1333.

2.3    Venue is proper because Defendant's principal office is located in this District.

1

3.0     FACTS

3.1     On or about June 5, 2023, Plaintiff Pinckney was a contractor employed as an able-bodied seaman by Defendant Liberty.

3.2     At that time, Plaintiff Pinckney was a seaman assigned to and aboard the *Liberty Passion*, which is owned and operated by Defendant.

3.3     Plaintiff's duties aboard the *Liberty Passion* include lifting trash cans containing food waste up and over his shoulders and throwing them into the ocean.

3.4     Over a four-month period, Plaintiff Pinckney performed this duty repeatedly.

3.5     On the date of the incident, while performing the above-mentioned duties, Plaintiff sustained a rotator cuff tear.

3.6     As a result thereof, Plaintiff Pinckney suffered severe and lasting injuries.

3.7     Plaintiff Pinckney had no prior injuries. Plaintiff Pinckney is a member of the Seafarers Union and must pass a physical examination before being approved to work on ships. Plaintiff Pinckney passed the physical prior to working on the *Liberty Passion*.

3.8     Following this incident, Plaintiff Pinckney was out of work for several months while he attempted to recover from his injuries.

3.9     Defendant Liberty took Plaintiff Pinckney off maintenance pay. Defendant Liberty offered Plaintiff Pinckney a lump sum to settle in exchange for a waiver not to sue, but Plaintiff Pinckney refused.

3.10     At all times material hereto, all of the crew aboard the *Liberty Passion* were operating within the course and scope of their employment with Defendant Liberty.

3.11    As such, their employer, Defendant Liberty is vicariously liable for any negligent acts and omissions on the part of the crew of the *Liberty Passion* under the doctrine of *respondeat superior*.

3.12    Should any negligent acts and/or omissions on the party of employee(s), agent(s), and/or representative(s) of Defendant Liberty be found to be a proximate cause of Plaintiff Pinckney's injuries, Defendant Liberty should be held liable under the doctrine of *respondeat superior*.

## 4.0    CAUSES OF ACTION

4.1    Negligence and Gross Negligence against Defendant Liberty

4.2    Defendant Liberty is liable to Plaintiff Pinckney under the theory of negligence and gross negligence. Plaintiff Pinckney sustained injuries because of Defendant Liberty when Defendant:

a)    failed to properly supervise their crew and the work aboard the vessel;

b)    failed to provide adequate crew;

c)    failed to properly train their crew;

d)    failed to safely operate their vessel;

e)    failed to promptly provide Plaintiff with adequate medical treatment;

f)    failed to provide necessary equipment and assistance for the safe performance of work;

g)    failed to provide reasonably safe work conditions;

h)    failed to take reasonable precautions for Plaintiff's safety;

i)      operated the vessel with a dangerous condition; and

j)      other acts so deemed negligent or grossly negligent.

4.3     On the dates in question, the *Liberty Passion*, her crew, and her appurtenances were unseaworthy.

4.4     Defendant Liberty's conduct, when viewed from the standpoint of the actors at the time of the occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others.  Defendant Liberty's conduct demonstrates not only an attitude of conscious indifference to the rights, safety, and welfare of others, but also shows Defendant Liberty's actual and subjective awareness of the dangers of its conduct. Defendant Liberty proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff Pinckney.  Defendant Liberty is therefore liable for exemplary damage.

4.5     Defendant Liberty is liable for the torts committed by its employees, servants, or agents during the course and scope of employment. Specifically, Defendant Liberty's employees, servants, or agents, acting within the course and scope of their employment, and in furtherance of Defendant Liberty's business, had a general duty to exercise reasonable care in performing their work. Should negligent or grossly negligent acts and/or omissions on the part of Defendant Liberty's employee(s), servant(s), or agent(s) be determined to be a proximate cause of Plaintiff Pinckney's injuries, Defendant Liberty is liable for those negligent or grossly negligent acts and omissions under the doctrine of *respondeat superior*.

4.6     As a direct and proximate result of the negligence and gross negligence of Defendant, Plaintiff sustained injuries, in a sum far in excess of the minimum jurisdictional limits of this Court.

4.7     Despite Plaintiff's severe and extensive injuries, he has not been paid maintenance and cure. Specifically, Defendant have not paid all of Plaintiff's medical bills related to the injuries in this lawsuit. As a Jones Act seaman, Plaintiff is entitled to maintenance cure benefits due to his injuries suffered on the job.

4.8     Plaintiff seeks recoupment of past maintenance and cure benefits, and requests that the Court order the Defendant to pay adequate maintenance and cure benefits from this day forward.

4.9     Plaintiff alleges that Defendant's failure to pay maintenance and cure is arbitrary, capricious, willful, and wanton given the undeniable fact that Plaintiff was injured on the job and has not reached maximum medical improvement. Thus, Plaintiff seeks attorneys' fees and punitive damages.

4.10    Plaintiff is entitled to punitive damages because the aforementioned actions of Defendant were grossly negligent and reckless. Defendant's conduct was willful, wanton, arbitrary, and capricious, Defendant acted with flagrant and malicious disregard for Plaintiff's health and safety. Defendant was subjectively aware of the extreme risk posed by operating the Liberty Passion in an unseaworthy condition. This recklessness caused Plaintiff's injuries. Defendant's acts and omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Plaintiff and others. Defendant had an actual, subjective awareness of the risks involved and consciously disregarded such risks. Moreover, Plaintiff may recover punitive damages under the general maritime law because of the Defendant's willful and wanton failure to pay maintenance and cure following the United States Supreme Court's ruling in Atlantic Sounding. All of the conduct mentioned in the above paragraphs was within the knowledge and privity of Defendant.

5.0    JURY DEMAND

5.1    Plaintiff demands that this matter be tried by a jury.

6.0    PRAYER FOR RELIEF

Wherefore, Plaintiff Jesse Pinckney prays for judgment against Defendant Liberty as follows:

6.1    General damages in an amount to be proven at trial, on behalf of Plaintiff;

6.2    An award of any and all economic losses sustained by Plaintiff as a result of Defendant's negligence;

6.3    An award of past maintenance and cure in an amount to be proven at trial;

6.4    An award of punitive damages;

6.5    Prejudgment interest on all economic losses sustained by Plaintiff as a result of Defendant's conduct;

6.6    For such other and further relief as the court deems just and appropriate.

Dated:  Long Island City, NY
 May 26, 2026

LAW OFFICE OF MICHAEL BINDER, P.C.

By:

Cory P. Strauss, Esq.
Of Counsel
*Attorneys for Plaintiff*
47-40 21st Street, 10th Floor
Long Island City, New York 11101
(718) 360-4660